E-FILED
Tuesday, 07 August, 2007  11:07:44 AM
Clerk, U.S. District Court, ILCD

FILED

AUG - 7 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE
U.S. DISTRICT COURT
For The Central District of Illinois
Peoria Division

| | |
|---|---|
| CLEVE HEIDELBERG, ) | |
| Petitioner, ) | |
| ) | |
| VS. ) | Case No. 07-1169 |
| ) | |
| JOHN CHAMBERS, ) | Honorable Judge |
| ) | Michael M. Mihm, |
| Respondent. ) | Presiding. |

## MOTION TO TRANSFER CASE

Comes Now CLEVE HEIDELBERG, Petitioner Pro Se in the aboved cause of action, pursuant to Title 28 § 2241(d), and he hereby motions this Honorable Court to transfer this case from the Central to the Northern U.S. District Court, as a matter of justice. In support of this motion the following is submitted for due consideration:

(1.) On 6/25/07 Chief Judge Michael P. McCuskey transfered this case (then under the Case No. 07-2118) to the Peoria Division of the court. On or about July 11, 2007 Petitioner caused a motion for reconsideration of that transfer to be done. However, on 7/13/07 that motion was referred to this court.

(2.) Chief Judge Michael P. McCuskey, due to facts unknown to him at that time, abused his discretion to intradistrictly transfer this case. In that, no determination was made by the Court whether such intradistrict transfer was in the best interest of justice.

(Page 1)

(3.)   Judge McCuskey was either unaware or he failed to evaluate facts which indicate that the assignment of Judge Michael M. Mihm to hear & decide Petitioner's Habeas Corpus application would this Court in an unnecessary conflict of interest.  In that, prior to 1982, Mr. Mihm's served as the States Attorney for Peoria County and functioned in that capacity during some posttial proceedings; and, stood in opposition to the Direct Appeal of the same sentencing judgment now being questioned in Petitioner's Habeas Corpus Action. See:  People v. Heidelberg, 338 N.E.2d 56.

Further, that issues presented in that case & appeal matter are still being litigated and certain of those issues involves the actions & omissions of Mr. Mihm; acting in his prior capacity as States Attorney and as the predecessor of Peoria County States Attorney Calkins.  In that, during Petitioner's jury trial, relevant and highly material exonerating fingerpriint evidence was suppressed by the prosecuting Assistant States Attorneys.  That suppression of evidence by the States Attorney's Office was presented as an issue on appeal.  It was denied at that time pursuant to the arguments of Mr. Mihm because Petitioner was unable to present any proof to the Court that such evidence had been actually suppressed.  Such proof remained hidden from Petitioner until it was finally disclosed by former States Attorney Calkins at the settlement of a civil rights action in 1985.  (See:  Heidelberg v. Calkins, No. 73-20; Heidelberg v. Hammer, No. 78-3159).

Thereafter, such suppression of the relevant & exonerating material fingerprint evidence was presented to the State and Federal Courts.  And, such issue of prosecutorial suppression of evidence is now pending a hearing before the Illinois Prisoner Review Board and the Governor of the State of Illinois.  At such hearing, Mr. Mihm has been requested to be called as a witness to the failure to disclose the suppressed fingerprint evidence....during the time he was the functioning States Attorney of Peoria County.

Additionally, when the case was transfered Judge McCuskey was unaware that Judge McDade of the Peoria Division has a possible conflict of interest.  In that, he functioned as one of Petitioner's

(Page 2)

appointed attorneys in the case that produced the sentencing judgment now being questioned in the Habeas Corpus action and in the Executive Clemency matter now pending before the PRB and the Governor.

(4.) Petitioner is entitled to have a totally disinterested forum to hear & decide the important Federal Question that his Habeas Corpus action presents for relief.

WHEREFORE, Petitioner Cleve Heidelberg prays that, in the interest of justice, his Habeas Corpus action be properly transferred to a District Court wherein his cause of action will not be prejudged by any apparent or real conflict of interest. That this case be transfered from the Central to the Northern U.S. District Court, as a matter of due process & justice.

_____
MR. CLEVE HEIDELBERG
Petitioner Pro Se

SUBSCRIBED and SWORN to
before me on this ___ day
of July 2007.

OFFICIAL SEAL
ELIZABETH A. ROBSON
Notary Public, State of Illinois
My Commission Expires 12/05/10

NOTARY PUBLIC: _____

(Page 3)