# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| CLEVE HEIDELBERG, | ) |
| Petitioner, | ) |
| v. | ) Case No. 07-cv-1169 |
| JOHN CHAMBERS, | ) |
| Respondent. | ) |

### **O R D E R**

Before the court are the "Motion for Reconsideration of Intradistrict Transfer" filed by Petitioner, Cleve Heidelberg, on July 13, 2007 [Doc. 6] and the Motion to Transfer Case filed by Petitioner on August 7, 2007 [Doc. 8].  The Motion for Reconsideration is MOOT and the Motion to Transfer is DENIED WITHOUT PREJUDICE.[1]

Petitioner filed his Motion to Reconsider after Chief Judge Michael P. McCuskey transferred this matter to the Peoria Division and after the case was assigned to Judge Michael M. Mihm.  Petitioner argues that Judge Mihm should not be assigned to this matter as he was the prosecuting attorney on Petitioner's underlying criminal case.  On July 16, 2007, Judge Mihm recused himself and this matter was reassigned to the

---

[1] The Court acknowledges that the first motion is directed towards an Order entered by Chief Judge McCuskey on June 25, 2007.  However, as both motions are essentially the same, there can be no prejudice in mooting the first motion and considering the identical arguments contained in the second motion.

undersigned Judge.  In the Motion to Transfer, Petitioner again reiterates that Judge Mihm should not be assigned to this case. In both Motions, Petitioner also states:

> Additionally, when the case was transferred Judge McCuskey was unaware that Judge McDade of the Peoria Division has a possible conflict of interest.  In that, he functioned as one of Petitioner's appointed attorneys in the case that produced the sentencing judgment now being questioned in the Habeas Corpus Action . . . .

28 U.S.C. § 455 provides, in part, that a judge must recuse himself if he participated as a lawyer in the matter in controversy or if his "impartiality might reasonably be questioned."  In the instant action, Petitioner asserts that I was one of his attorneys in the underlying criminal prosecution that led to this habeas petition.  I have no recollection of ever representing Petitioner in any capacity.  Petitioner has provided no evidence that I represented him.  Petitioner's mere statement, in a motion, that I represented him is insufficient to prove that I represented him.[2]  As such, there is no reason to transfer this matter to another judge.[3]

---

[2] In Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989), the Seventh Circuit Court of Appeals stated that:

> Recusal under Section 455 is self-executing; a party need not file affidavits in support of recusal and the judge is obligated to recuse herself *sua sponte* under the stated circumstances.

For the foregoing reasons, "Motion for Reconsideration of Intradistrict Transfer" filed by Petitioner on July 13, 2007 [Doc. 6] is MOOT and the Motion to Transfer Case filed by Petitioner on August 7, 2007 [Doc. 8] DENIED WITHOUT PREJUDICE.

Entered this  10th  day of August, 2007

                                       s/ Joe B. McDade
                                       JOE BILLY McDADE
                              United States District Judge

---

In the case, the defendant alleged that the District Judge was biased. While noting that affidavits are not necessary under § 455, the Court nonetheless stated that the defendant must make a "necessary showing" that would convince a "reasonable person" that the judge was biased. Id. at 1200-1201. In a similar manner, Petitioner must show that I represented him; merely stating as much is insufficient.

[3] Petitioner may file a motion to reconsider if he can produce evidence that I did in fact represent him in his criminal case.