E-FILED
Monday, 15 October, 2007 11:56:01 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION



FILED
OCT 15 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

United States of America ex rel
CLEVE HEIDELBERG,
Petitioner,

vs.

JOHN CHAMBERS, Warden,
Respondent.

No. 07-1169

The Honorable
J.B. McDADE,
Judge Presiding.

State of Illinois )
County of Vermilion )§

PETITIONER'S OPPOSING LEGAL BRIEF & ARGUMENT

TO RESPONDENT'S MOTION TO DISMISS

(I.)

AEDPA'S STATUTORY RESTRICTIONS ON SUCCESSIVE HABEAS PETITIONS ARE NOT APPLICABLE TO PETITIONS CHALLENGING CONSTITUTIONALITY OF THE DURATION OF PETITIONER'S SENTENCE.

In view of the fact that petitioner's present habeas corpus action, that challenges the retrospective application on him of an unconstitutional ex post facto statute that has "increased" his punishment by depriving him of an early release fixed parole release outdate from prison, is attacking a statute affecting only the fact or duration of his custody -- not the conviction or sentence judgments under which he is imprisoned; respondent's contention that his present habeas action is successive is incorrect. Respondent represents to this Court it has no jurisdiction to entertain petitioner's present habeas petition because it is a successive petition attacking the same underlying conviction and sentence that were the subjects of his 1997 and 2003 petitions. (Res's Argument, P.4). Plainly, such contention is erroneous.

Equally, respondent's contention that AEDPA's statutory restrictions apply to petitioner's present habeas action is wrong. Even though petitioner's petition is mislabeled as one filed under Section 2254; his petition for writ of habeas corpus can only be correctly construed as an attack regarding the duration of his custody under Section 2241. Ramer v. Maxwell, C.A.10 (OKLA) 2001, 4 Fed.Appx. 551; James v.Walsh, C.A.2 (N.Y.) 2002, 308 F.3d 162. Thus, regarding such a petition brought under the traditional habeas corpus statute, 28 Section 2241, the restrictive provisions of AEDPA (Section 2244) are neither applicable nor can they be triggered against petitioner's present habeas corpus action. Ramen v. Maxwell, supra at 552-553.

Habeas corpus claims dealing with "duration of custody" are a facet of the execution of the sentence, rather than the imposition of the sentence, and thus are properly challenged under Section 2241, rather than Section 2254, which is limited to claims arising from imposition of sentence. Faulkney v. Pennsylvania Dept. of Corr., 221 F.Supp.2d 560 (E.D.Pa. 2002); United States v. Kennedy, 851 F.2d 689, 690 (3rd Cir.1988); Coady v. Vaughn, 251 F.3d 480, 485 (3rd Cir.2001).

Therefore, because petitioner's present petition is neither attacking nor asking this Court to set aside his conviction of certain criminal offenses or the sentencing judgments related thereto....and he makes asbsolutely no argument that his conviction or sentence were tainted by the unconstitutional ex post statute he challenges in his petition; AEDPA's restrictions on successive habeas petitions are not applicable, as argued by the respondent.

(II.)

NEITHER THE STATUTORY RESTRICTIONS OF SECTION 2244 NOR THOSE OF SECTION 2241, RESPECTING SECOND OR SUCCESSIVE HABEAS PETITIONS, ARE APPLICABLE TO PETITIONS CHALLENGING CONSTITUTIONALITY OF CONTINUED UNLAWFUL INCARCERATION UNDER "NEW" DENIALS OF PETITIONER'S FIXED RELEASE CLAIM, WHICH HAPPENED AFTER HIS 1997 & 2003 PETITIONS HAD BEEN DISMISSED.

As reported in his Habeas Corpus Petition, petitioner has submitted repeated requests to the Illinois Prisoner Review Board for it to correctly construe Illinois Statute 3-3-2.1(b) and release him from prison on the fixed release date due to him. (Pet. HC Petition,

P.12; 7). His last such requests to the PRB were made and denied in 2005. Further, before; after and during the proceedings that took place regarding his 1997 & 2003 habeas petitions, petitioner petitioned the Illinois State Legislature to invalidate Illinois Statute 3-3-2.1(b) and to provide for his release from prison on the fixed release date due to him. Such repeated petitions were either ignored or denied. After his 1997 & 2003 habeas petitions were dismissed, petitioner filed a formal Petition & Request with the Governor of the State of Illinois. In such, he requested that the unconstitutional ex post facto statute, § 3-3-2.1(b) not to serve as a reason to deny petitioner his release from prison on the fixed release date due to him. That Petition & Request to the Governor was either denied in 2006 or is being ignored.

In 2006, petitioner submitted his State Habeas Corpus petition in the Circuit Court of Vermilion County. Therein he presented & argued the exact same claim that is now before this Court for habeas relief. The Circuit Court heard the merits of the petition and denied petitioner relief. Thereafter, the case was appealed to the Illinois Appellate & Supreme Courts. Those Courts heard the case and denied it on the merits. The "New" denials of petitioner's fixed release claim, which happened after his 1997 & 2003 habeas petitions had been dismissed, were the denial-decisions he attacked in his State habeas petition and in the appeal following the Circuit Court's denial of relief -- alongwith the denial-decisions of the claim previously done, prior to his 1997 & 2003 petitions.

Clearly, his present habeas petition that challenges the constitutionality of his "continued" unlawful incarceration under the "new" denials of petitioner's fixed release claim, that happened "after" his 1997 & 2003 habeas petitions had been dismissed, cannot be shot down by either Section 2244 or Section 2241 restrictions regarding successive petitions. AEDPA's statutory restrictions are not applicable on such a petition that challenges the "duration" of his custody and the new denials which have expanded that duration of unlawful incarceration. RAMER, supra; Hill v. State of Alaska, 297 F.3d 895; Zakiya v. Reno, 52 F.Supp.2d 629.

(III.)

PETITIONER'S CHALLENGE OF THE "INCREASE OF PUNISHMENT" BY APPLICATION OF EX POST FACTO STATUTE SHOULD NOT BE DEEMED SECOND OR SUCCESSIVE TO HIS 1997 OR 2003 PETITIONS; WHERE CLAIM HAS BEEN FULLY EXHAUSTED ON ITS MERITS IN STATE COURTS AND IS NOT OTHERWISE DEFAULTED OR PREJUDICED IN ANY RESPECT.

That a habeas petitioner has previously filed a federal habeas petition does not necessarily render a subsequent petition second or successive as contended by the respondent. A petitioner's challenge to the unconstitutional/ex post facto increase of his punishment should not be considered "second or successive" because he has previously filed § 2254 challenges regarding the constitutionality of his conviction & sentence judgments. Crouch v. Norris, 251 F.3d 720 (8th Cir. 2001) at 724. And, certainly, he should not be penalized for continuing to complain about and to challenge his "continuing" unlawful incarceration....incarceration that is becoming more onerous each passing year his requests & collateral petitions for the fixed release date he is due are denied, since his 1997 & 2003 petitions.

The "prior applications" argument submitted by the respondent to this Court (Respondent's Mo., PP. 5-6), does not function and should not be considered as a bar to petitioner's present petition because such "prior applications" and his present petition are not about the "same" State court conviction judgment. As mentioned, petitioner's present petition attacks the "continuing application of the unconstitutional ex post facto statute on him that is being repeatedly used (each year he has a hearing before the PRB) to deny him an early release fixed parole release date from prison. And, under the sense and the reality that each such denial-decision of his fixed release date, that have happened since his 1997 & 2003 petitions, were newly done, neither his present petition nor the claim it presents are the "same" as those prior applications.

No procedural bar is immortal. Even where a habeas petitioner has presented the "same" or about the same claim in prior habeas applications; if that claim was dismissed without a true hearing on the merits and was dismissed without prejudice a new petition that reasserts the claim can be excused from being lebelled a second or successive petition. Johnson v. U.S., 196 F.3d 802.

Plainly, regarding petitioner's 1997 petition, Judge NORGLE was of the opinion petitioner essentially could not maintain any habeas claim that related to any PRB decision regarding his parole or release from prison. Therefore, after only a preliminary review, during which the Court's analysis turned on nothing more than recitation of the challenged statute, it cannot be said that Court carefully and thoroughly analyzed the facts in relation to petitioner's ex post facto claim....and heard & decided the case on its merits. A judgment is generally not on the merits if the court holds it lacks jurisdiction to hear a claim. Weber v. Murphy, 15 F.3d 691, 694 (7th Cir. 1994). (See: Pet. Response to Motion to Dismiss, PP. 1-2).

Further, evenif a prior habeas application constitutes a procedural bar to a new petition, if last State Court to be presented with particular federal claim reaches merits of such claim, it removes any bar to federal court review of a reasserted claim that might have been available. Ylst v. Nunnemaker, 501 U.S. 797 (1991). Regarding the instant petition and the claim it presents, the claim was entertained by the State Courts and its merits were ruled upon. No procedural bar was argued against it and it properly & fully exhausted all State remedies.

Obviously, petitioner has the right to present his claim at this time. He rightfully challenges his continuing unlawful incarceration and the denial-decisions that increases such unconstitutional incarceration to a more enlarged period of time each year since his 1997 & 2003 petitions were filed and summarily dismissed. Therefore, where the State Respondent has waived any procedural default-type of defense he could have made against petitioner's claim for habeas corpus relief, by failing to make such a defense in the State Courts, his motion to dismiss should be now denied.

WHEREFORE, Petitioner HEIDELBERG prays that for each of the opposing reasons he put forward in this document that respondent's motion to dismiss is denied.

Petitioner Pro Se

SUBSCRIBED and SWORN to
before me on this 11th day
of October 2007.

"OFFICIAL SEAL"
ELIZABETH A. ROBSON
Notary Public State of Illinois
My Commission Expires 12/05/10

NOTARY PUBLIC:

IN THE
U.S. District Court
Ce. District of Ill.
Peoria Division

Heidelberg
Plaintiff,

v.

Chambers
Defendant

) Case No. 07-1169

## PROOF/CERTIFICATE OF SERVICE

TO: Lisa Madigan
Atty. Gen. of Ill.
100 West Randolph St., 12th Fl.
Chicago Illinois

TO:

PLEASE TAKE NOTICE that on October 11, 2007, I have placed the documents listed below in the institutional mail at Danville Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Petitioner's Opposing Legal Brief & Argument to Respondent's Motion to Dismiss.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: October 11, 2007

/s/ [signature]
NAME: C. Heidelberg
IDOC#: C01521
Danville Correctional Center
3820 East Main Street
Danville, IL 61834

Form revised 11/1/01

(21)