E-FILED
Tuesday, 30 October, 2007  12:55:53 PM
Clerk, U.S. District Court, ILCD

IN THE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

PEORIA DIVISION



| | | |
|---|---|---|
| United States of America ex rel CLEVE HEIDELBERG,<br>        Petitioner, | )<br>)<br>)<br>) | |
| VS. | ) | No.07-1169 |
| JOHN CHAMBERS, Warden,<br>        Respondent. | )<br>)<br>)<br>) | The Honorable<br>J.B. McDADE,<br>Judge Presiding. |

### RESPONSE TO RESPONDENT'S MOTION

### TO DISMISS

Comes Now CLEVE HEIDELBERG and does hereby requests this Court to DENY Respondent's motion to dismiss. In support of this action, the following is submitted for due consideration:

POINT 1:

Petitioner's 1997 petition did not seek to have Court set aside either his conviction or his sentences. And, his present petition is not successive for reasserting a constitutional challenge of his "continuing" unlawful incarceration under the custody of the Respondent and the Illinois Department of Corrections.

Among other claims, Petitioner did present his "fixed release" claim to Judge NORGLE in his 1997 petition. He asked the Court to hear and decide the merits of that claim. The claim challenged neither his conviction or sentencing judgments. It challenged only the unconstitutional application of an ex post facto new penal statute that had denied him an early release fixed parole release date. Without fully analyzing the claim's merits, the Court summarily

dismissed that petition brought against the Illinois Prisoner Review Board ....because the Court was of the opinion petitioner essentially could not maintain any habeas claim that related to any PRB decision regarding his parole or release from prison. (See: <u>2/4/98 ORDER RE CASE 97 C 5168</u>). That Opinion mirrored the "unreviewable parole board's discretion" rulings upheld by the Illinois Supreme Court and the 7th Circuit Court of Appeals when they did not review the merits of petitioner's early release fixed parole release date claim. The District Court's summary dismissal of this claim was without prejudice.

    Obviously, Petitioner's present petition, regarding the unconstitutional application of an ex post facto new penal statute that is "continuing" its action of denying him an early release fixed release date is not a "second or successive petition" under the provisions of 28 U.S.C. §2244; where claim was not allowed to be brought against the Parole Board's unreviewable decision to apply such an ex post facto unconstitutional statute on him in 1997. Therefore, petitioner's 1997 abortive request for habeas corpus relief regarding the claim should be disregarded for purposes of restrictions imposed by AEDPA on so-called second or successive petitions. See: <u>Johnson v. U.S.</u>, C.A.7 (Ill.) 1999, 196 F.3d 802; <u>James v. Walsh</u>, C.A.2 (N.Y.) 2002, 308F.3d 162.

    Respondent questions why petitioner only now raises this claim when the statute he attacks was enacted in 1978(?). (Respondent's Mo., P.5). However, the Respondent should well-know that the presentation of this claim in the present petition is merely a continuation of petitioner's first collateral attack and Administrative/Legislative efforts to get this unconstitutional violation of his rights heard and redressed. In that: in 1994 he brought this claim

(Page 2)

in a habeas corpus action before Judge R. CASTILLO in the Northern District of Illinois, Case # 94 C 6669. The Court summarily dismissed without prejudice and without deciding the merits of the claim. Thus, the Court advised and permitted petitioner to take the claim back to the state courts, in a petition for a writ of mandamus, to give the State the necessary opportunity to correct the constitutional violation. (See: November 17, 1994 ORDER in Case 94 C 6669). Thereafter, the Claim was presented to the Circuit Court of Montgomery County and, when it was there denied, presented to the Illinois Appellate and State Supreme Courts where the claim was not allowed to be brought against the PRB's unreviewable decision to apply the ex post facto statute on petitioner. (See: Appellate Court Summary Order in Case No. 5-95-0633 & Illinois Supreme Court PLA denial ORDER in Case No. 82090, December 4, 1996). Further, Respondent should well-know of the many Legislative and Administrative efforts done by petitioner to get this claim and the unconstitutional violation of his rights heard and redressed. Therefore, effectively since the date of his first parole hearing and the first decision by the PRB to deny him a fixed release date in 1981 and this present date of October 2007, petitioner has been continuously and is collaterally challenging each of the decisions that is denying his fixed release outdate from prison -- at each of his yearly parole hearings.

After petitioner was last denied his fixed release date from prison; he filed a proper State Habeas Corpus action. It was directed neither at the PRB; his conviction or sentence but at the Respondent Warden in which he is being unlawfully held. And, as reported in his present petition, his Claim this time around was allowed to be fully exhausted in the State Courts....the circuit; appellate and Illinois Supreme Courts heard the merits of the claim and deny it on

the merits. The procedural default-type of claim, that respondent is attempting to make under Rule 4 with his motion to dismiss, was waived when the respondent failed to raise such a claim during all of the proceedings held in the State Courts. Holleman v. Duckworth, 155 F.3d 906, 912 (7th Cir.1998); McCambridge v. Hall, 266 F.3d 12, 29 (1st. Cir.2001). Thus, Respondent has forfeited his procedural default-type of defense against petitioner claim and his motion must not bar petitioner's fully exhausted; timely and meritorious claim & constitutional challenge of his "continuing" unlawful incarceration under the custody of the Respondent Warden and the Illinois Department of Corrections. Petitioner present petition challenges the "continuing" application of the unconstitutional ex post facto parole release statute on him that is being used to "continuously" (each year he has a hearing before the PRB) to deny him a fixed parole release date from prison. Clearly, it is not a second or successive habeas petition as contended by the Respondent at this time.

POINT 2:

Likewise, because Petitioner's present petition does not directly or indirectly seek to have Court set aside either his conviction or sentence; his 2003 petition was not about "same" State Court Judgment and his present petition plainly is not second or successive to a case in which it's claim could not have been appended or to such case which was not heard on its merits and was dismissed without prejudice.

Petitioner HEIDELBERG's challenge to his continuing unlawful imprisonment should not be deemed "second or successive" merely because he has previously filed a § 2254 challenge to the constitutionality of his convictions. Crouch v. Norris, 251 F.3d 720 (8th Cir.2001), at 724. Habeas corpus is the sole means by which petitioner

may obtain relief for the constitutional violations he challenges. Preiser v. Rodriquez, 93 S.Ct. 1827.  Thus, his present petition that challenges his continuing imprisonment and the repeated denials of his constitutional right to a early release fixed release date from prison does not constitute an abuse of the writ and is not a "second or successive" petition. Crouch v. Norris, 251 F.3d 720 at 725.  Especially, in light of petitioner's prior writ history and his long litigation struggle to get his claim entertained and win the relief that is due it should not be held he is "abusing the writ", he has the right to use it on the grievious & serious abuse of his life and liberty by the Respondent; Illinois Department of Corrections, PRB and the State of Illinois.

Therefore, Petitioner request this Court to deny the motion put forward by the Respondent.  Clearly, it can be determined that Petitioner HEIDELBERG has a constitutional due process right to present his exact claim; at this time and his habeas corpus petition... and, as a matter of justice, he has the right to the extraordinary habeas corpus relief he is seeking.

The fact of his 1994; 1997 and his 2003 habeas actions must not bar his petition from this District Court.  And, the facts he has reported in his petition concerning his efforts to get the State legislature and the Governor of the State to correct the unlawful ex post facto statute that has and is now preventing his early release from prison on a fixed release outdate must not stop this Court from considering his petition.  Wherefore, it is asked that Respondent's motion be denied.

Further, it is prayed that Respondent's motion to dismiss be accepted as the "Answer" to petitioner's habeas corpus petition that Respondent could have timely filed but decided not to file. That this case be no longer delayed and proceed without affording Respondent any additional time to make another Anwer to petitioner's petition.

                                          _____
                                          Petitioner Pro SE

SUBSCRIBED and SWORN to before me on this 3 day of October 2007.

"OFFICIAL SEAL"
ELIZABETH A. ROBSON
Notary Public, State of Illinois
My Commission Expires 12/05/10

NOTARY PUBLIC: _____

PROOF OF SERVICE

    I hereby certify that on October 3, 2007, I have mailed a copy of this action to Lisa Madigan, Attorney General, Attorney for Respondent; 100 West Randolph Street, Chicago, Illinois 60601, by placing the same in the U.S. Mails at Danville, Illinois, postage prepaid by First Class Stamp.

                                            _____
                                          Petitioner Pro Se

Subscribed & Sworn to
before me on this 3rd day
of October 2007.

"OFFICIAL SEAL"
ELIZABETH A. ROBSON
Notary Public, State of Illinois
My Commission Expires 12/05/10

Notary Public: _____

(Page 6)

Hon. Clerk:

Please be advised that enclosed document was originally posted to the Court on 10/4/07. It was returned to me on 10/26/07 as being undeliverable due to "unknown" address. I have, on this date, reposted it addressed as indicated.

Please advise me of your receipt of this document. Additionally, please advise me of your receipt of the related document entitled: "Petitioner's Opposing Legal Brief & Argument to Respondent's Motion to Dismiss" that I posted to the Court on 10/12/07.

I am enclosing the posting receipts related to the enclosed and what was mailed to the Court on 10/12/07 as proof of such mailings and of the facts I relate to you.

thank you --- svz. Cleve Heidelberg

ILLINOIS DEPARTMENT OF CORRECTIONS
DANVILLE CORRECTIONAL CENTER

# LEGAL / PRIVILEGED MAIL PROOF OF SERVICE

Inmate Name: Heidelberg, Clemc                              Inmate Number: C01521

Housing Unit/Wing/Cell: 3C21                                Date: 10/26/07

☑ Legal: returned mail sent 10/4/07: Hon. Clerk - US District Ct.
☐ Privileged: _____ Central District of Illinois
☐ Express: "Unknown"  Providencia; P.O. Box 238
☐ Insured / Registered: _____ Peoria, IL 61601 (?)

Name of Sender: Mr. Clevy Heidelberg - C01521

Inmate's Signature: _____

Officer's Name: Brewer                                    / Brewer
                    Print Name                              Sign Name

**Return White Copy to Mailroom.**

Distribution: Mailroom                                              DAN 0035 (Eff. 06/2005)
              Inmate           Printed on Recycled Paper            (Replaces DCA 24109)

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## Offender Authorization for Payment

Posting Document # __8108_____    Date _____

Offender Name __Cleve Heidelberg__    ID# __C01521__    Housing Unit __R3-C-21__

Pay to __U.S. Postal Service__

Address _____

City, State, Zip _____

The sum of _____ dollars and _____ cents charged to my trust fund account, for the purpose of __Postage on Legal Mail__

[X] I hereby authorize payment of postage for the attached mail. . [ ] I hereby request information on electronic funds transfers to be placed in the attached mail.

Offender Signature __Cleve Heidelberg__    ID# __C01521__

Witness Signature _____

[ ] Approved  [ ] Not Approved    Chief Administrative Officer Signature __[signature] 10/12/07__

Postage applied in the amount of _____ dollars and __92__ cents.

Distribution: Business Office, Offender

*Printed on Recycled Paper*

DOC 0296 (Eff. 1/2006)
(Replaces DC 828)

[Stamps: MAIL ROOM SENT OUT OCT 13 2007; RECEIVED OCT 12 2007 TRUST OFFICE]