UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CLEVE HEIDELBERG, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JOHN CHAMBERS, )<br>)<br>Respondent. ) | Case No. 07-cv-1169 |

**O R D E R**

Before the Court is the Petition for a Writ of Habeas Corpus filed by Petitioner, Cleve Heidelberg, on June 22, 2007 [Doc. 1], the Motion to Dismiss filed by Respondent, John Chambers, on September 27, 2007 [Doc. 11], and the two responses filed by Petitioner on October 15, 2007 [Doc. 13] and October 30, 2007 [Doc. 14], respectively.

For the reasons that follow, the Petition is DISMISSED and the Motion to Dismiss is GRANTED.

**BACKGROUND**

Petitioner has been in prison since 1970 having been convicted of attempted armed robbery and murder. He received sentences of 4 2/3 to 14 years and 99 to 175 years for each crime, respectively, to be served concurrently. The pending Petition represents Petitioner's third attempt in seeking federal habeas relief.

Petitioner's first 28 U.S.C. § 2254 Petition, filed in 1997, alleged that his due process rights were violated when the Illinois Prisoner Review Board denied him parole (hereinafter "1997 Petition"). In denying a request for a certificate of appealability, the Seventh Circuit Court of Appeals noted that the Illinois Supreme Court held that the parole statute did not create a legitimate expectation of parole. <u>Heidelberg v. Illinois Prisoner Review Board</u>, 163 F.3d 1025 (7th Cir. 1998). Thus, Petitioner had no liberty interest, and concomitant due process right, in being granted parole. <u>Id.</u>

Petitioner's second habeas petition, again filed pursuant to § 2254, was filed on July 18, 2003 (hereinafter "2003 Petition"). In that Petition, Petitioner attacked his underlying murder conviction by alleging prosecutorial misconduct regarding fingerprint evidence. In addressing the Petition, District Judge Charles R. Norgle, found that this second § 2254 petition was not a "second or successive" petition as the term is used in 28 U.S.C. § 2244. Judge Norgle specifically found that because the 1997 Petition involved a parole issue, it addressed a "judgment" separate from Petitioner's underlying criminal judgment. Thus, the second § 2254 Petition was not a "second or successive" Petition that would require Seventh Circuit approval prior to the filing.

However, Judge Norgle ultimately dismissed the Petition as time-barred.

The pending Petition is also filed pursuant to § 2254. In this Petition, Petitioner argues that he is entitled to a "fixed release date." Petitioner's theory is a little confusing and is as follows: The sentencing court originally sentenced Petitioner to an indeterminate sentence of 4 2/3 to 14 years and 99 to 175 years to be served concurrently. Petitioner maintains that because he is eligible for parole after "20 years less time credit for good behavior," pursuant to 730 Ill. Stat. Ann. § 5/3-3-3(a)(1), his "indeterminate minimum sentence" is in fact 20 years (minus good conduct credit) because the statute "supercedes" the trial court's pronouncement of sentence. Petitioner then goes on to argue that 740 ILL. COMP. STAT. § 5/3-3-2.1,[1] which provides that the Prisoner Review Board shall set a

---

[1] The statute, which became effective on February 1, 1978, provides:

> Prisoner Review Board – Release Date.
> (a) Except as provided in subsection (b), the Prisoner Review Board shall, no later than 7 days following a prisoner's next parole hearing after the effective date of this Amendatory Act of 1977, provide each prisoner sentenced under the law in effect prior to the effective date of this amendatory Act of 1977, with a fixed release date.
>
> (b) No release date under this Section shall be set for any person sentenced to an indeterminate sentence under the law in effect prior to the effective date of

fixed release date, should apply to his sentence. Petitioner argues that the Prisoner Review Board <u>must</u> provide him with a fixed release date (which he can then accept in lieu of a parole date). However, when he sought a fixed release date (or parole) in 1981 he was denied because the Prisoner Review Board found that his sentence was in fact "20 years or more" and that it did not have to provide a fixed release date pursuant to § 5/3-3-2.1(b). Petitioner essentially argues that § 5/3-3-2.1(b) does not apply to him because his sentence (which he equates to his parole eligibility term) is less than 20 years. In order to add a constitutional element to his claim, Petitioner then argues that applying § 5/3-3-2.1(b) to his case violates the ex post facto clause as explained in <u>Weaver v. Graham</u>, 450 U.s. 24 (1981). <u>See</u> U.S. CONST. art. I, § 9.[2]

Respondent has filed a Motion to Dismiss asserting that this third § 2254 Petition constitutes a "second or successive"

---

> this amendatory Act of 1977 in which the minimum term of such sentence is 20 years or more.

***

[2] The Court is unclear exactly how application of the statute violates the ex post facto clause. Presumably, Petitioner is arguing that the Prisoner Review Board's interpretation and application of § 3-3-2.1 violates the ex post facto clause by increasing his "sentence" from "20 years less good conduct credit" to "20 years or more" and otherwise "causes his eligibility for parole or early release from prison to be changed." This problem, however, need not be resolved in light of this Court's conclusion, *infra*.

Petition as governed by § 2244.  As such, Petitioner should have received permission from the Seventh Circuit prior to filing the Petition.  Respondent argues that Petitioner did not seek permission to file this § 2254 Petition and it should be dismissed.

## DISCUSSION

As noted above, Petitioner was convicted in Illinois state court and seeks release from prison.  28 U.S.C. § 2254 provides that this Court should entertain a Petition for a writ of habeas corpus from an inmate in custody pursuant to a state court judgment only on the ground that he is held in violation of the Constitution or laws of the United States.  28 U.S.C. § 2244(b)(1) provides, however, that a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  The code section goes on to provide that a limited number of claims, not previously presented, may be raised in a second or successive petitioner.  In order to raise such new claims, 28 U.S.C. § 2244(b)(3)(A) provides that "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider" a "second or successive application" for a writ of habeas corpus pursuant to § 2254.  Therefore, if Petitioner raises a claim that was raised in a previous § 2254 petition, it must be dismissed.

Conversely, if Petitioner raises a new claim, he needs to obtain permission from the Seventh Circuit Court of Appeals prior to filing the claim in this Court.  See Burton v. Steward, __ U.S. __, 127 S.Ct. 793, 796 (2007).

   Regardless of whether the 1997 Petition or the 2003 Petition is considered, it is clear that this third Petition represents a "second or successive" petition over which this Court does not have jurisdiction.  In the 1997 Petition, Petitioner argued that his due process rights were violated when he was denied parole.  In a similar vein, Petitioner argues that his constitutional rights were violated as his "fixed release date" has not been set by the Prisoner Review Board.  While Petitioner clouds his claim with much verbiage, he is seeking the same relief that he sought in 1996 – namely, the approval of his release requests.  See Brannigan v. United States, 249 F.3d 584, 588 (7th Cir. 2001) (noting that "the principle that new legal arguments about the same events do not amount to a new claim" applies to § 2244).  In the 1997 petition, Petitioner asserted that he was entitled to be released on parole because of a liberty interest; in the present Petition, Petitioner asserts he is entitled to be released because of a statutory interest.  As this "claim," albeit under a different theory, was raised in a prior application it must be dismissed.

The argument could also be made, however, that Petitioner is not just seeking to challenge the decision to release him on parole. Rather, he may be seeking a quantum change in his original sentence – that is, he would like his sentence to be reduced from the 99 to 175 years to some shorter period of time (presumably that would be set by the Prisoner Review Board).[3] If this is the case, then he is challenging the same 1970 judgment of conviction that he challenged in his 2003 petition. Petitioner had "one clean shot at establishing his entitlement to relief in a federal habeas corpus proceeding" and that 2003 petition was dismissed on the merits. <u>Pavlovsky v. VanNatta</u>, 431 F.3d 1063, 1065 (7th Cir. 2005) (noting that dismissal for untimeliness is dismissal on the merits); <u>Altman v. Benik</u>, 337 F.3d 764, 766 (7th Cir. 2003). As such he is raising new claims related to same judgment that was the subject of the 2003 petition. In order to raise these claims, he must first seek permission form the Seventh Circuit Court of Appeals.

In either case, this Court does not have jurisdiction to consider this Petition and it must be dismissed.

---

[3] While not ruling on this claim, this Court has serious doubts as to the merit of Petitioner's claim that the Illinois statute violates the ex post facto clause and that he is entitled to release from prison.

**CONCLUSION**

For the foregoing reasons, the Motion to Dismiss filed by Respondent, John Chambers, on September 27, 2007 [Doc. 11] is GRANTED and the Petition for a Writ of Habeas Corpus filed by Petitioner, Cleve Heidelberg, on June 22, 2007 [Doc. 1] is DISMISSED.

CASE TERMINATED.

Entered this  17th  day of December, 2007

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                     United States District Judge