UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **CLEVE HEIDELBERG,** | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. 08-CV-2087 |
| | ) |
| **JOHN CHAMBERS, Warden,** | ) |
| | ) |
| Respondent. | ) |

## OPINION

On June 22, 2007, Petitioner, Cleve Heidelberg, paid the $5.00 filing fee and filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) in this court. On June 25, 2007, this court entered a text order and transferred the case to the Peoria Division of the Central District of Illinois. The case was originally assigned to United States District Judge Michael M. Mihm. On July 16, 2007, Judge Mihm entered an Order of Recusal (#7) and the case was assigned to United States District Judge Joe Billy McDade. On September 27, 2007, Respondent, John Chambers, filed a Motion to Dismiss for Lack of Jurisdiction (#11), with attached supporting exhibits. On December 17, 2007, Judge McDade entered an Order (#15) which granted the Motion to Dismiss. Subsequently, on April 7, 2008, Petitioner filed a Motion to Vacate (#17) claiming that Judge McDade had represented him in the criminal case that underlies his 28 U.S.C. § 2254 Petition. On April 8, 2008, Judge McDade entered an Order (#18) which granted Petitioner's Motion to Vacate Judgment. Judge McDade stated that he "does not recall representing Petitioner while in private practice." However, he stated that Petitioner had referred to an Illinois Appellate Court opinion which indicated that he had represented Petitioner for two days in 1970. Therefore, Judge McDade recused himself from the case.

On April 9, 2008, the case was reassigned to this court. On May 1, 2008, Petitioner filed a

Motion to Continue (#19) asking this court to allow him approximately 60 days to amend his Petition and obtain pro bono legal counsel. Because this court concludes that it does not have jurisdiction over Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1), Respondent's Motion to Dismiss (#11) is GRANTED and Petitioner's Petition (#1) is dismissed. Accordingly, Petitioner's Motion to Continue (#19) is MOOT.

FACTS

In 1970, Petitioner was convicted, following a jury trial, of attempted armed robbery and murder based upon evidence that Petitioner killed a police officer while attempting to rob a drive-in theater. Petitioner was sentenced to 4 2/3 to 14 years for attempted armed robbery and 99 to 175 years for murder, to be served concurrently. In 1997, Petitioner filed his first petition under 28 U.S.C. § 2254. He alleged that his due process rights were violated when the Illinois Prisoner Review Board denied his parole. The district court dismissed the petition. On appeal, the Seventh Circuit denied Petitioner's request for a certificate of appealability. Heidelberg v. Ill. Prisoner Review Bd., 163 F.3d 1025 (7th Cir. 1998). The Seventh Circuit noted that the Illinois Supreme Court had held that Illinois' parole statute did not create a legitimate expectation of parole. Heidelberg, 163 F.3d at 1027. The Seventh Circuit therefore concluded that Petitioner did not have a protected liberty interest in being granted parole so that his due process argument did not warrant the grant of a certificate of appealability. Heidelberg, 163 F.3d at 1027.

Petitioner filed a second petition under 28 U.S.C. § 2254 on July 18, 2003. In that petition, he attacked his underlying murder conviction by alleging prosecutorial misconduct regarding fingerprint evidence. The form petition Petitioner completed contained the following language:

> State briefly every ground on which you claim that you are

>being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

The district court found that this petition was not a "second or successive" petition which required Seventh Circuit approval prior to filing. The district court reasoned that, because the 1997 petition involved a parole issue, it addressed a "judgment" separate from Petitioner's underlying criminal judgment. However, the district court dismissed the petition as time-barred.[1]

On June 22, 2007, Petitioner filed the Petition (#1) presently before this court. Petitioner also filed a Brief in support (#2). Petitioner argued that he is entitled to a "fixed release date." Petitioner maintained that, because he was eligible for parole after "20 years less time credit for good behavior," pursuant to 730 Ill. Comp. Stat. 5/3-3-3(a)(1), his "indeterminate minimum sentence" is in fact 20 years (minus good conduct credit) because the statute "supercedes" the trial court's pronouncement of his sentence. Petitioner then went on to argue that 730 Ill. Comp. Stat. 5/3-3-2.1,[2] which provides that the Prisoner Review Board shall set a fixed release date, should

---

[1] A dismissal for untimeliness is considered a dismissal on the merits. See <u>Pavlovsky v. VanNatta</u>, 431 F.3d 1063, 1064 (7th Cir. 2005).

[2] The statute, which became effective on February 1, 1978, provides:
Prisoner Review Board–Release Date.
(a) Except as provided in subsection (b), the Prisoner Review Board shall, no later than 7 days following a prisoner's next parole hearing after the effective date of this Amendatory Act of 1977, provide each prisoner sentenced under the law in effect prior to the effective date of this amendatory Act of 1977, with a fixed release date.
(b) No release date under this Section shall be set for any person sentenced to an indeterminate sentence under the law in effect

apply to his sentence. Petitioner argued that the Prisoner Review Board <u>must</u> provide him with a fixed release date (which he can then accept in lieu of a parole date). However, when he sought a fixed release date (or parole) in 1981 he was denied because the Prisoner Review Board found that his sentence (of 99 years to 175 years) was in fact "20 years of more" and therefore found that it did not have to provide a fixed release date pursuant to 730 Ill. Comp. Stat. 5/3-3-2.1(b). Petitioner essentially argued that 730 Ill. Comp. Stat. 5/3-3-2.1(b) does not apply to him because his sentence (which he equates to his parole eligibility term) is less than 20 years. In order to add a constitutional element to his claim, Petitioner then argued that applying 730 Ill. Comp. Stat. 5/3-3-2.1(b) to his case violates the ex post facto clause as determined by the United States Supreme Court in <u>Weaver v. Graham</u>, 450 U.S. 24 (1981).

This court notes that Petitioner's argument is very convoluted and employs a creative, and unsupported, construction of the statutes involved. This court further notes that it is unclear exactly how application of 730 Ill. Comp. Stat. 5/3-3-2.1(b) violates the ex post facto clause.

In any case, Petitioner raised this argument in a petition for habeas corpus filed on January 11, 2006, in Vermilion County. The circuit court denied the petition on April 27, 2006. The Illinois Appellate Court affirmed the denial of the petition on November 8, 2006, and the Illinois Supreme Court denied his petition for leave to appeal on May 1, 2007.

## ANALYSIS

On September 27, 2007, Respondent filed a Motion to Dismiss Habeas Petition as Successive (#11). Respondent argued that Petitioner's petition should be dismissed because the Seventh Circuit

---

prior to the effective date of this amendatory Act of 1977, in which
the minimum term of such sentence is 20 years or more.

has not authorized its filing and this court, therefore, does not have jurisdiction to entertain it. Respondent argued that the instant petition is a successive petition attacking the same underlying conviction and sentence that were the subjects of Petitioner's 1997 and 2003 petitions. On October 15, 2007, Petitioner filed an Opposing Legal Brief (#13) in response to the Motion to Dismiss. Petitioner argued that restrictions on successive petitions are not applicable to petitions challenging the constitutionality of the duration of the sentence. Petitioner contended that his petition was mislabeled as one filed under 28 U.S.C. § 2254 but was actually brought under 28 U.S.C. § 2241. Petitioner also pointed out that his current petition was filed after the Illinois courts denied relief on his "fixed release" claim, a claim filed after his 1997 and 2003 habeas petitions had been dismissed. Petitioner also filed a Response to the Motion to Dismiss (#14) on October 30, 2007.

Because Petitioner filed his Petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, applies to this case. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA "established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody, § 2244(b)(1)." Burton v. Stewart, 549 U.S.147, 127 S. Ct. 793, 796 (2007). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Burton, 127 S. Ct. at 796, quoting 28 U.S.C. § 2244(b)(3)(A). "A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." Burton, 127 S. Ct. at 796, citing 28 U.S.C. § 2244(b)(3)(C). A district court "must dismiss a second or successive petition .

. . unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original); see also Burton, 127 S. Ct. at 799.

As noted, Petitioner claims that this requirement does not apply to him because he is actually bringing his petition under 28 U.S.C. § 2241. It is true that 28 U.S.C. § 2244(b) does not apply to petitions brought under § 2241. See Harris v. Cotton, 296 F.3d 578, 579 (7th Cir. 2002). However, the Seventh Circuit has clearly held that, when a person "is in custody pursuant to the judgment of a state court," he must bring his petition under 28 U.S.C. § 2254. See Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000) (emphasis in original). It is only when the person is "in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction" that 28 U.S.C. § 2241 remains available. Walker, 216 F.3d at 633. Therefore, when a petitioner is in custody pursuant to the judgment of a state court, which is certainly the case here, "§ 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case." See Walker, 216 F.3d at 633. The Seventh Circuit noted that the decision of the United States Supreme Court in Felker v. Turpin, 518 U.S. 651 (1996), "makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254." Walker, 216 F.3d at 633; see also Harris, 296 F.3d at 579; Rogers v. Grams, 2007 WL 1531668, at *2 (E.D. Wis. 2007). This court therefore rejects Petitioner's claim that his petition has actually been brought under 28 U.S.C. § 2241.

Therefore, this court must determine whether Petitioner's Petition is a second or successive petition brought under 28 U.S.C. § 2254. This court concludes that it clearly is. Although Petitioner

is bringing a slightly different claim regarding his entitlement to parole than he included in his 1997 petition, his argument "involves custody stemming from the same state court judgment as his other two petitions. Petitions not considered second or successive are those that challenge new or different judgments than the petitioner challenged in the original habeas petition, not different aspects of the same judgment." Rogers, 2007 WL 1531668, at *2, citing Beyer v. Litscher, 306 F.3d 504, 507-08 (7th Cir. 2002), Brannigan v. United States, 249 F.3d 584, 587-89 (7th Cir. 2001), and Walker v. Roth, 133 F.3d 454, 455 (7th Cir. 1997). Therefore, Petitioner's instant petition is a "second or successive" habeas petition for which he did not seek, much less obtain, authorization to file from the Seventh Circuit Court of Appeals. As a result, this court does not have jurisdiction to entertain the petition. See Burton, 127 S. Ct. at 799; Arrington v. Acevado, 533 F. Supp. 2d 834, 836-37 (C.D. Ill. 2008).

    This court notes that Petitioner has argued that he should be allowed to proceed with his petition, noting that his claim was only recently denied by the Illinois courts, after his previous petitions were dismissed. The Supreme Court's decision in Burton forecloses this argument. In Burton, the petitioner had filed a federal habeas petition in 1998, challenging the constitutionality of his three convictions. Burton, 127 S. Ct. at 795. The standard form the petitioner in Burton filled out included language similar to the language included on the form used by Petitioner to file his petition in 2003, that he risked being "barred from presenting additional grounds at a later date." Burton, 127 S. Ct. at 795. At that time, the petitioner in Burton was challenging his sentence in state court proceedings. After the state courts rejected his sentencing challenges, the petitioner in Burton filed another federal habeas petition in 2002. Burton, 127 S. Ct. at 796. The district court denied the second petition and the Ninth Circuit Court of Appeals affirmed. In doing so, both courts

7

rejected the state's contention that the district court lacked jurisdiction to entertain the petition because the petitioner had not obtained an order from the Court of Appeals authorizing him to file a "second or successive" habeas petition. Burton, 127 S. Ct. at 796.

The Supreme Court concluded that, in fact, the petitioner's 2002 federal petition was a "second or successive" petition and that the district court was without jurisdiction to entertain it. Burton, 127 S. Ct. at 796-99. The Court noted that the form the petitioner "used in filing his first petition warned of just that consequence." Burton, 127 S. Ct. at 797. The Court concluded that the Ninth Circuit erred in supposing that a petitioner with unexhausted claims, who elected to proceed to adjudication of his exhausted claims, could later assert that a subsequent petition was not "second or successive" because he had unexhausted claims at the time he filed his first petition. Burton, 127 S. Ct. at 797. The Supreme Court stated that "[s]uch a result would be inconsistent with both the exhaustion requirement, with its purpose of reducing 'piecemeal litigation,'" and the "AEDPA, with its goal of 'streamlining federal habeas proceedings." Burton, 127 S. Ct. at 797 (citations omitted).

Based upon Burton, the fact that Petitioner here continued to pursue claims in the state courts after his first two habeas petitions were dismissed does not change the fact that his current Petition is "second or successive." See Burton, 127 S. Ct. at 797; see also Arrington, 533 F. Supp. 2d at 837. For all of the reasons stated, Respondent is correct that this court is without jurisdiction to entertain Petitioner's Petition and it must be dismissed. See Burton, 127 S. Ct. at 799; Arrington, 533 F. Supp. 2d at 837; Rogers, 2007 WL 1531668, at *3.

IT IS THEREFORE ORDERED THAT:

(1) Respondent's Motion to Dismiss Habeas Petition as Successive (#11) is GRANTED. Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State

Custody (#1) is dismissed for lack of jurisdiction.

(2) Petitioner's Motion to Continue (#19) is MOOT.

(3) This case is terminated.

ENTERED this 29th day of July, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE