UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

Cleve Heidelberg,
    Petitioner,

v.                                                                   08-CV-2087

John Chambers, Warden,
    Respondent.

FILED
AUG 29 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

---

## Motion to Vacate Order of Dismissal

Comes Now Cleve Heidelberg, Pro se Petitioner in the above cause of action, and hereby moves to vacate this Honorable Court's July 29, 2008 order of dismissal of his Habeas Corpus Petition. In support of this motion the following is submitted for due consideration:

**# I:** The Federal District Judge had neither the legal jurisdiction nor venue to entertain Petitioner's Habeas Corpus Petition, where his petition was not re-filed in the district court for the district in which he is incarcerated.

On April 8, 2008 when District Judge McDade vacated his previous order dismissing Petitioner's Habeas Corpus Petition, and reassigned the Petition to the above court..... Your Petitioner was then being held in the jurisdictional area

changed from the Danville Correctional Center to the Shawnee Correctional Center. Thus, legal jurisdiction over Petitioner's Habeas Petition was changed from the Central to the Southern District of Illinois. Therefore, where the District Judge for the Central District had neither jurisdiction or venue over petitioner nor his place of incarceration, he should not have entered the July 29, 2008 order dismissing Petitioner's Petition as being a Successive Petition. See: Section 2254 Rules, supra note 1, R. 2(a), 28 U.S.C. fol. Section 2254.

Petitioner advised both the Clerk of the Court and the District Court of his change of address.

#II: PETITIONER'S PETITION WAS INCORRECTLY DISMISSED WITHOUT GIVING HIM EITHER A PRIOR NOTICE OR ANY OPPORTUNITY TO RESPOND TO THE COURT'S DISMISSAL ORDER.

It is a well-established principle that a habeas corpus petitioner is entitled to notice before adverse judicial action is taken against him; Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001); Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998) (habeas petitioner must be allowed opportunity to respond to an adverse judicial action). Under the AEDPA Statute, a petitioner especially is allowed by the operation of that Statute.... the chance

In the instant case, the District Court gave Petitioner no warning that his Habeas Petition was subjected to being dismissed based on the Respondent's Rule 4 Motion to Dismiss. Without advising Petitioner of the Re-instituting of Respondent's previously denied Motion to Dismiss; the Court granted Respondent's motion without given Petitioner any Notice as to those proceedings which resulted in the Dismissal of Petitioner's Habeas Corpus action. See: Page 2 of Courts order of Dismissal. Further, Petitioner was not given any opportunity to make a Response to that ruling of the Court.

Wherefore, Petitioner prays that the Courts July 29, 2008 order of dismissal be fully vacated and that this case be transferred back to its original Jurisdiction in the United States District Court for the Northern District of Illinois under Federal Rules of Civil Procedure, Rule 15(c); or that it be properly transferred to the District Court of Southern District of Illinois.

Mr. Clene Heidelberg
Petitioner

Signed and sworn to under my own oath & affirmation on this 25 day of August 2008.